**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CHAIDEZ;<br><br>    Plaintiff,<br>v.<br><br>ALAMEDA COUNTY, a municipal corporation; WELLPATH COMMUNITY CARE, LLC, a corporation; MARIA MAGAT, in her individual capacity as a doctor in Santa Rita Jail; and DOES 1-50, inclusive.<br>    Defendants. | Case No.: 3:21-cv-04240-RS<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. This case brings to light yet another failure of Defendants Alameda County and California Forensic Medical Group (dba WellPath Community Care) to provide anything resembling adequate medical care to detainees at Santa Rita Jail.

2. When Plaintiff Juan Chaidez was detained at Santa Rita Jail on October 21, 2020, he had significant injuries from being shot eleven times. Among those injuries were a stoma that required a colostomy bag. During Mr. Chaidez's detention at Santa Rita Jail, he was repeatedly denied adequate medical care by the jail staff of Defendants County and Wellpath. Numerous documented requests for medical care went unanswered. He was provided inadequate colostomy bag materials, exposing his stoma to infection. Concerning discharge began coming out his stoma.

3. Finally, Defendant Maria Magat, a doctor for Defendant California Forensic Medical Group, saw Mr. Chaidez in January 2021. Despite observing the stoma and rashes around the stoma site, Defendant Magat deemed it normal and sent Mr. Chaidez back to his cell without further medical care.

4. After Mr. Chaidez's visit with Defendant Magat, his condition worsened. The discharge from the stoma became so bad that Mr. Chaidez was giving cups full of discharge to jail nurses, pleading for some kind of medical care. His pleas for help went unanswered by the jail staff of Defendants County and California Forensic Medical Group.

5. Less than five months after Mr. Chaidez's detention at Santa Rita Jail began, he was rushed to Highland Hospital on March 12, 2021, with a 102-degree fever, colitis, and sepsis in the blood after he was found passed out in his cell. Stunningly, Defendant Magat had again seen Mr. Chaidez the day prior to his hospitalization yet, ignored the troubling complaints he described and had not ordered any follow-up care.

6. The failures of the staff of Santa Rita Jail to provide detainees adequate medical care. Sadly, Mr. Chaidez was yet another victim of these systemic failures.

## JURISDICTION

7. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Dublin, California in Alameda County, which is within this judicial district.

## PARTIES

8. Plaintiff JUAN CHAIDEZ (hereinafter "Mr. Chaidez") is a competent adult, a resident of California, and a citizen of the United States. Mr. Chaidez brings these claims individually on the basis of 42 U.S.C. § 1983, the United States Constitution, and federal civil rights law. Mr. Chaidez also bring these claims as Private Attorney General, to vindicate not only her rights, but also others' civil rights of great importance.

9. Defendant ALAMEDA COUNTY (hereinafter "Defendant COUNTY") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the ALAMEDA COUNTY SHERIFF'S OFFICE and SANTA RITA JAIL.

10. Defendant CALIFORNIA FORENSIC MEDICAL GROUP DBA WELLPATH COMMUNITY CARE, LLC (hereinafter "Defendant CALIFORNIA MEDICAL") was at all times herein mentioned a Delaware corporation licensed to do business in California. Defendant CALIFORNIA MEDICAL provided medical, psychiatric, nursing, medication and health care to prisoners and detainees in Santa Rita Jail, pursuant to contract with the Defendant COUNTY. On information and belief, Defendant CALIFORNIA MEDICAL and its employees and agents are

responsible for making and enforcing policies, procedures, and training related to the medical care of prisoners and detainees in Defendant COUNTY OF ALAMEDA's jails.

11. Defendant MARIA MAGAT (hereinafter "Defendant MAGAT") was, and at all times herein is, a doctor working for Defendant CALIFORNIA MEDICAL.

12. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. DOES 1-50 are employees for Defendants COUNTY and/or CALIFORNIA MEDICAL who worked at Santa Rita Jail. Plaintiff will amend this complaint to allege the true names and capacities of DOES 1-50 when ascertained. Plaintiff believes and alleges that each of DOES 1-50 are legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission

**FACTUAL ALLEGATIONS**

13. On September 2, 2020, Mr. Chaidez was shot eleven times, including in the stomach. As a result of subsequent surgery to treat his injuries, Mr. Chaidez was wearing a colostomy bag on a stoma in his stomach for approximately a month prior to his detention at Santa Rita Jail. Mr. Chaidez was only supposed to have this colostomy bag for three to six months.

14. On or about October 21, 2020, Plaintiff Juan Chaidez was detained at Santa Rita Jail on October 21, 2020, for a probation violation. Mr. Chaidez was a pre-trial detainee for the entirety of this detention at Santa Rita Jail.

15. Mr. Chaidez was transported to Santa Rita Jail from the hospital where he had been being treated for the injuries. Defendant DOES 1-50, who work at Santa Rita Jail and are employees of Defendant County and/or Defendant Wellpath, were aware that Mr. Chaidez had significant injuries from the gunshot wounds, including a stoma that required a colostomy bag. Defendant DOES 1-50 were also aware that as a consequence of Mr. Chaidez's injuries from the gunshots, he required consistent medical care to avoid an infection.

16. On November 5, 2020, Mr. Chaidez completed and submitted a medical request form that was provided to detainees by the Defendant County. In this request, Mr. Chaidez noted that he was ordered to received two colostomy bags per day but had been receiving them late or not at all.

17. On November 14, 2020, approximately three weeks after being detained at Santa Rita Jail, Mr. Chaidez completed another medical request form. In this request, Mr. Chaidez requested medical attention and noted the current care—or lack thereof—that he was receiving from jail staff was leading to unsanitary conditions for his stoma.

18. On November 22, 2020, Mr. Chaidez put in yet another medical request to be examined by medical staff for his injuries from the gunshots, including the stoma.

19. Throughout his detention at Santa Rita Jail, Mr. Chaidez was provided improper colostomy bag materials. The bags themselves and the adhesive materials were inadequate, frequently coming undone and exposing the stoma to infection. Fecal matter would leak out of the opening and caused rashes around his stomach.

20. In December of 2020, Mr. Chaidez noticed there was puss with a foul odor leaking from his stomach wound. Mr. Chaidez notified his cellmate and other inmates of this discharge. He also showed the discharge leaking from his stoma to Defendant Doe Deputies and Doe CALIFORNIA MEDICAL employees and requested to receive medical care. These deputies &

nurses neglected Mr. Chaidez's medical needs, ignored his requests for medical care, and did not summon medical care for weeks.

21. Eventually, Mr. Chaidez's medical needs were brought to the attention of Defendant Maria Magat, a doctor for Defendant CALIFORNIA MEDICAL. In January 2021, Mr. Chaidez was seen by Defendant Magat. Although this meeting was extremely brief, Defendant Magat noticed that Mr. Chaidez was oozing out a white-yellowish discharge from his stoma. Mr. Chaidez complained and described his prior issues, she ignored or disbelieved his complaints, commenting it was not normal discharge and refused him additional medical treatment. Mr. Chaidez was refused any prescribed sort of medication or given any instructions on how to deal with this discharge and the rashes around the stoma.

22. After his visit with Defendant Magat, Mr. Chaidez's medical condition continued to worsen. The amount of foul-smelling discharge increased to the point that Mr. Chaidez collected it in cups and was giving it to Defendant Doe Nurses, who were employees of Defendant CALIFORNIA MEDICAL. These Defendant Nurses failed to provide Mr. Chaidez adequate medical treatment.

23. Mr. Chaidez also decided to file a grievance, due to the lack of medical attention he was receiving. Santa Rita Jail claimed to have begun an investigation but still faced medical neglect during the relevant time he was incarcerated.

24. On March 10, 2021, Mr. Chaidez was very ill with a high fever and intense stomach pains that left him unable to eat. Finally, Mr. Chaidez was seen again by Defendant Magat. Mr. Chaidez described his previous complaint and issues related to the infections, but Defendant Magat refused to treat them and only provided treatment for his fever. Defendant Magat inexplicably refused to send Mr. Chaidez to the hospital despite his serious, life-threatening medical condition.

25. Mr. Chaidez's fever continued to rise on March 11, 2021. He was then rushed to Highland Hospital after yet-to-be-identified Alameda County Sheriff's Deputies issued a "man down" call after finding Mr. Chaidez passed out in his cell.

26. At Highland Hospital, Mr. Chaidez was diagnosed with an 102 degree fever, colitis, sepsis in the blood, and "concerning irregular masslike colonic wall thickening". Mr. Chaidez received immediate treatment for infectious colitis.

27. On information and belief, Mr. Chaidez's dire medical condition could have been avoided with proper care from Defendant Magat and Defendant DOES 1-50.

28. This inadequate medical care that Defendants provided caused Mr. Chaidez to suffer severe emotional distress, significant discharge from the stoma, sepsis in the blood, colitis and stomach pains. Mr. Chaidez continued to suffer frequent bleeding around the stoma and still experiences stomach and pelvic pains. Though Mr. Chaidez was originally supposed to need the colostomy bag for three to six months after his surgery, due to his infection, he required it for nearly three years.

### *Monell* factual allegations

29. Plaintiff is informed, believes, and therein alleges that Defendant Alameda County exhibits a pattern and practice of exposing pre-trial detainees to unconstitutional detention conditions and procedures at Santa Rita Jail by failing to provide adequate medical care. Plaintiff further alleges that despite these incidents, none of the Sheriff's Deputies and/or other jail staff are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. Defendant Alameda County's failure to discipline or retrain Santa Rita Jail staff is evidence of an official policy, entrenched culture, and posture of deliberate indifference toward protecting citizen's rights and the resulting death and injuries is a proximate result of the Defendant Alameda County's failure to properly supervise its Deputies and/or other jail staff and ratify their

unconstitutional conduct. Plaintiff is informed, believes, and therein alleges that the following instances are examples of the Alameda County's pattern and practice of condoning misconduct by failure to discipline and/or train:

    a. In 2021, detainee Maurice Monk was found dead in his cell after being detained at Santa Rita Jail for 35 days. During that time, Monk was not provided the necessary medication to treat his schizophrenia despite numerous efforts by his family to provide jail staff with the prescription information and medication.

    b. In 2021, detainee Terry Gordon was given medication for a neck/spine operation. Gordon informed the nurse and guard that he believed he received the incorrect medication because it tasted strange. The Santa Rita Jail nurse then used a guard's flashlight to crush up the appropriate pill to cover up the fact that Gordon was given the wrong one.  Due to taking the incorrect medication, Gordon suffered various side effects including throwing up, dizziness, and cold sweats. *Gordon v. Santa Rita Medical Staff*, Case 3:21-cv-03885-CRB

    **c.** In 2017, detainee Peter Cole suffered from three badly abscessed teeth.  Cole submitted three different medical requests for treatment from the Jail, but all were ignored. Cole was repeatedly told that he needed to wait and was only given pain medication for three days while he spent the rest of the time waiting in severe pain. Cole's face was badly swollen and infected for at least a month and a half until medical care was finally rendered.  Due to the neglect, Cole suffered permanent disfiguration in his face, jaw, and gums. *Cole v. Santa Rita Jail*, (N.D. 2018) Case 4:18-cv-02874-HSG.

    d. In 2014, Lawrence Bennetto suffered from severe bone disease and was prescribed morphine administered under a doctor's supervision.  Once detained in Santa Rita

Jail, Bennetto was denied his morphine by jail and medical staff. Bennetto's heath dramatically deteriorated and at one point was in convulsions for 43 hours. Bennetto lost 25 lbs., and almost all of the hair on his body. Despite his severe reactions, Santa Rita Jail staff did not give Bennetto his proper medication for 22 days, at which point Bennetto began to regain his health. *Lawrence Bennetto v. Santa Rita Jail*, (N.D. 2016) Case 3:16-cv-05464-SK.

e. In 2015, detainee Rickey Moore received improper medical treatment when he was given the wrong medications and doses for his diabetes and hypertension. Moore nearly died and suffered from swelling of his lower extremities while incarcerated and after his release. *Moore v. Corizon Health Services, et al.*, (N.D. 2016) Case 4:16-cv-04195-DMR.

f. In 2014, detainee James Duckett suffered from a long history of glaucoma, pain in both his eyes, and vision problems. While in Santa Rita, Duckett requested to be seen by an optometrist, but was merely put on a list for an extended period of time. When Duckett was finally seen, he was diagnosed with glaucoma but was denied his necessary eyedrops that he was prescribed outside of jail. *Duckett v. Corizon PHS, et al.*, (N.D. 2016) Case 4:16-cv-02293-KAW.

g. In 2014, detainee Michael Davis told Santa Rita Jail medical staff during intake that he had arthritis in both knees and had trouble walking. Medical staff ordered Davis a walking cane and prescribed him a lower bunk bed, but Davis was given neither by jail staff, who made Davis continue to use his standard bunk bed, which resulted in Davis falling from his bed, injuring his knees and back. *Davis v. Santa Rita Jail, et al.*, (N.D. 2014) Case 3:14-cv-01468-EMC.

h. In 2013, Santa Rita medical staff denied detainee Michael Henderson an inhaler for his asthma, metoprolol for his heart condition, and sertraline for his mental condition. Henderson was required to get a court order to even be seen by doctors at the jail. Once seen, medical staff only ordered an x-ray of Henderson and only gave him ointment for his taser wounds. Henderson was never given his medications. *Henderson v. Reina, et al.*, (N.D. 2013) Case 4:13-cv-00765-SBA.

30. Plaintiffs are informed, believe, and therein allege that the aforementioned policy, culture, pattern and/or practice is further evidenced by the concerning amount of deaths at Santa Rita Jail. As of February 14, 2023, 65 detainees had died at Santa Rita Jail since 2014.[1] At least one more detainee has died since then.[2] Five detainees have died at Santa Rita Jail in the first four months of 2023 alone.[3]

31. Plaintiff is informed, believes, and therein alleges that Defendant Alameda County knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

32. As a direct and proximate result of each of the Defendants' deliberate indifference to Plaintiff's obvious medical needs and distress, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and loss of sense of security, dignity, and pride as a United States citizen.

33. As a direct and proximate result of each Defendants' act and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a. Hospital and medical expenses;

---

[1] https://www.ktvu.com/news/woman-dies-at-santa-rita-jail-3rd-person-in-a-month
[2] https://www.cbsnews.com/sanfrancisco/news/inmate-death-santa-rita-jail/
[3] https://www.pleasantonweekly.com/news/2023/04/28/man-arrested-in-livermore-dies-in-jail-becomes-5th-inmate-death-for-santa-rita-in-2023

    b. Pain and Suffering, including emotional distress;

    c. Violation of constitutional rights; and

    d. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

34. The conduct of Defendant MAGAT and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants MAGAT and DOES 1-50.

# CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment – Deliberate Indifference under 42 U.S.C. Section 1983)**
*(Plaintiff against Defendants MAGAT and DOES 1-50)*

35. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

36. By the actions and omissions described above, Defendants MAGAT and DOES 1-50 violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution:

    a. The right to be free from deliberate indifference to Plaintiff's serious medical needs while in custody as secured by the Fourteenth Amendment

37. Defendants MAGAT and DOES 1-50 subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein with reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

38. As a result of their misconduct, Defendant DOES 1-50 are liable for Decedent's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Police Practice – 42 U.S.C. section 1983 (*Monell*))**
*(Plaintiff against Defendants COUNTY and DOES 1-50)*

39. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

40. Plaintiff are informed and believe and therein allege the Defendants COUNTY'S high-ranking officials, including Defendant DOES 1-50, knew and/or reasonably should have known that Santa Rita Jail staff, including Alameda County Sheriff's Deputies and jail medical staff, exhibits a pattern and practice of improper and inadequate medical treatment for detainees, including depriving them of necessary medical treatment and medications, and despite these incidents, none of the Santa Rita Jail medical staff or employees of the Santa Rita Jail are found to be in violation of jail policy or disciplined or retrained, even under the most questionable of circumstances. Defendants COUNTY'S failure to discipline or retrain medical staff is evidence of an official policy, entrenched in a deliberate indifference for the safety, health, and wellbeing of detainees, and the resulting deaths and injuries are a proximate result of the COUNTY OF ALAMEDA failure to properly supervise its medical staff and ratify their unconstitutional conduct. Plaintiffs are informed, believe, and therein allege that the instances previously discussed in the *Monell Allegations* section) are examples of the DEFENDANT COUNTY'S pattern and practice of condoning misconduct by failure to discipline, retrain, and supervise.

41. Despite having such notice, Plaintiff is informed and believe and thereon allege that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said Santa Rita medical staff and/or employees.

42. Plaintiffs are further informed and believe and thereon allege that as a result of deliberate indifference, recklessness, and/or conscious disregard of the misconduct by Defendants

and DOES 1-50, and/or each of them, encouraged these medical staff and/or employees to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

43.  The unconstitutional actions and/or omissions of Defendant DOES 1-50, as well as other medical staff employed by or acting on behalf of Defendant COUNTY on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Santa Rita Jail stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the Defendant COUNTY:

a. To cover-up violations of constitutional rights by any or all of the following:

   i. by failing to properly investigate and/or evaluate complaints or incidents of improper or inadequate medical treatment;

   ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity; and

   iii. by allowing, tolerating, and/or encouraging medical staff to make false statements, file false reports, and/or withhold or conceal material information.

b. To allow, tolerate, and/or encourage a code of silence among Santa Rita medical staff and employees whereby medical staff and/or employees do not provide adverse information against fellow employees;

c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of misconduct by medical staff and employees;

d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights

and safety of Plaintiff and other detainees, and in the face of an obvious need for such policies, procedures, and training programs to prevent reoccurring and foreseeable violations of rights of the type described herein; and

    e.    To have in place trainings, policies and procedures that deprive inmates & detainees of necessary medical treatment, supplies, and/or care despite knowledge of their necessity and the risks of injury/death involved with depriving and/or delaying the administration of medications.

44.    Defendant COUNTY and DOES 1-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline DOES 1-50, and other Santa Rita Jail personnel, with deliberate indifference to Plaintiff's constitutional rights, where were thereby violated as described above.

45.    The aforementioned customs, policies, practices, and procedures, the failure to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants COUNTY and DOES 1-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth in Cause of Action 1, above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

46.    Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendants MAGAT and DOES 1-50 in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794(a), and as otherwise may be allowed by federal law;

5. Any and all permissible statutory damages;

6. For injunctive relief, including but not limited to, changing the medical response procedures, policies, and guidelines for attending to detainees' and inmates' psychiatric and health care medical needs;

7. For the cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

Dated:  July 26, 2023              POINTER & BUELNA, LLP
                                   LAWYERS FOR THE PEOPLE

                                   /s/ Patrick Buelna
                                   PATRICK BUELNA
                                   Attorney for Plaintiff